## STANIFORTH v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10036. Decided October 28, 1929

Messrs. Emerson & Black, Cleveland, for Staniforth.
Mr. Ray T. Miller, Cleveland, for State.

LEVINE, J.

Error is prosecuted from said conviction on the ground that the Act of 1925 relating to examination of applicants to

practice veterinary surgery and medicine in this state, has no application to the accused. It is pointed out in support of said contention that by an Act of the Legislature passed May 21, 1894 to regulate the practice of veterinary medicine and surgery, the accused was expressly excepted from its operation. It provided in Sec. 1, that:

"All persons who now, or shall hereafter practice veterinary medicine and surgery in the State of Ohio, and have not been engaged in said practice for at least three years prior to the passage of this Act, in the State of Ohio, shall be examined as to their qualifications by a State Board of Veterinary Examiners to be appointed as hereinafter provided."

It is to be taken as undisputed from the record in this case that the accused was engaged in such practice for some forty years preceding his arrest, and also that he had been engaged in said practice for at least three years prior to the passage of the act of 1894 heretofore referred to. It must be conceded that up to the time the act of 1925 was passed, and until the same became effective, that under the provisions of the act of 1894, the accused was expressly exempted from the requirement of taking an examination. By said act he was given a legal status to the same extent as if he had taken an examination before the State Board of Veterinary Examiners, successfully passed said examination and obtained a certificate to that effect.

The question naturally arises as to the power of the State Legislature to destroy the legal status heretofore conferred upon the accused. It is well settled that where the successful prosecution fo a calling requires a certain amount of professional knowledge and skill, and the lack of them in the practitioner will result in material damage to the one who employs him, it is the legitimate exercise of police power to prohibit anyone from engaging in the calling who has not previously been examined by the lawfully constituted authority and received a certificate in testimony of his qualifications to practice the profession.

The pursuit of skilled professions is a profitable employment to the public as well as to the practitioner; and the only element of danger arising from the practice of said profession, lies in the admission of incompetent persons into it. By the weight of authority it may be taken as settled that while the legislature may enact legislation for the protection of the public, that any prohibition which extends further than to prevent the admission of incompetent men, will be unconstitutional.

Professor Tiedeman, in his treatise on the limitations of the police power in the United States, has this to say:

"The physician and surgeon derives no peculiar benefit from the state, and there can be no substantial difference between his right to pursue his calling and that of a teacher to ply his vocation or of the merchant to engage in business. They are not enjoying any peculiar privilege."

A careful reading of the prohibitory section under which the accused is being prosecuted indicates clearly that the legislature carefully kept in mind the limitations upon the police power of the state to regulate skilled professions.

**Sec. 1177-16(b)** in addition to the prohibition against practicing veterinary medicine and surgery in this state without having first obtained a certificate, contains the following proviso:

"Provided, that the provisions of this section shall not be taken to apply to those persons who are duly licensed under the laws of the state to practice veterinary medicine or surgery and the various branches thereof, at the time this act becomes operative, it being the intention hereof to allow such licensed holders to continue practice of their profession."

The question arises who is deemed "a license holder" within the meaning of said proviso? Unquestionably, those who have applied for examination and obtained certificates of qualifications under the provisions of the act of 1894 are license holders. The accused was not required to take an examination when the act of 1894 became effective. He was permitted by the state to pursue the practice of veterinary medicine and surgery without the requirement of taking an examination and obtaining a certificate to that effect. At the time said act became effective he had been engaged in the practice of veterinary medicine and surgery for at least three years prior to the passage thereof. He was, by the express language of the act, given permission to pursue his calling to the same extent as if he had taken an examination, successfully passed said examination and obtained a certificate to that effect.

It will be noted that the proviso contained in **Sec. 1177-16(b)** excepts from the operation of the act of 1925 those persons who are duly licensed under the laws of the state to practice veterinary medicine and surgery at the time of the passage of the act.

A license is permission conferred by proper authority to pursue a certain trade, profession or calling, and it is distinguishable from a permit in that the latter relates to permission to do a particular act.

In our opinion the plaintiff in error having been given a legal status by the act of 1894 and having been permitted to pursue his calling of veterinary surgery and medicine, without the requirement of taking the examination must be regarded as a license holder within the meaning of **1177-16-b, GC.** of the act of 1925, for there can be no doubt that he was given permission by the state to pursue his calling. We therefore hold that plaintiff in error comes within the meaning of the exception set forth in the proviso of **Sec. 1177-16(b)** because he was duly licensed under the laws of this state to practice veterinary medicine and surgery at the

time of the passage of the act. License holders not being required to submit to an examination, may lawfully pursue their calling of veterinary surgery and medicine. The accused comes within the excepted class and, in our opinion, he did not violate the law in pursuing his calling of veterinary surgery and medicine.

In view of said holding it follows that the accused was improperly convicted and the judgment of the lower court is ordered reversed and plaintiff in error is ordered discharged.

Vickery, PJ., and Sullivan, J., concur.